UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CESAR CLASS,**

    **Plaintiff,**

v.   CASE NO.:

**QUIDAM GROUP, LLC, a Florida
Limited Liability Company, and
DIEGO OLMEDO, Individually,**

    **Defendants.**   _____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CESAR CLASS, by and through the undersigned attorney, sues the Defendants, QUIDAM GROUP, LLC, a Florida Limited Liability Company, and DIEGO OLMEDO, Individually, and alleges:

1. Plaintiff was an employee of Defendants and brings this action for unpaid minimum wages and proper overtime compensation, liquidated damages, and all other applicable relief pursuant to Fla. Const. Art. X § 24, and the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

## General Allegations

2. Defendant, QUIDAM GROUP, LLC, owns and operates pizza restaurant known as Brooklyn Pizza located at 5681 Pershing Ave., Orlando, FL 32822.

3. Defendant, DEIGO OLMEDO, is the owner and Chief Manager of

1

QUIDAM GROUP, LLC.

4. Plaintiff was an employee who worked for Defendants within the last three years in Orange County, Florida.

5. Plaintiff worked for Defendants from around October 2020 to June 2021 as an hourly paid employee.

6. Plaintiff worked as a delivery driver, server, and pizza maker for Defendants.

7. At all times material to this cause of action, Defendant, QUIDAM GROUP, LLC, was an enterprise subject to the Florida Constitution's provision on minimum wages and the FLSA.

8. At all times material to this cause of action, Plaintiff was a non-exempt employee and therefore entitled to overtime wages for any and all overtime hours worked.

9. Defendant, QUIDAM GROUP, LLC, is a Florida Limited Liability Company that operates and conducts business in Orange County, Florida and is therefore, within the jurisdiction of this Court.

10. At all times relevant to this action, DIEGO OLMEDO was an individual resident of the State of Florida, who owned and operated QUIDAM GROUP, LLC, and who regularly exercised the authority to: (a) hire and fire employees of QUIDAM GROUP, LLC; (b) determine the work schedules for the employees of QUIDAM GROUP, LLC, and (c) control the finances and

operations of QUIDAM GROUP, LLC. By virtue of having regularly exercised that authority on behalf of QUIDAM GROUP, LLC, DIEGO OLMEDO is/was an employer as defined by 29 U.S.C. § 201, et seq.

11. This action is brought under Fla. Const. Art. X § 24 and the FLSA to recover from Defendants minimum wage and overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

12. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA. This Court has supplemental jurisdiction over Plaintiff's Florida Constitutional claim as the claims are so related that they form part of the same case or controversy.

13. During Plaintiff's employment with Defendants, Defendant, QUIDAM GROUP, LLC, earned more than $500,000.00 per year in gross sales.

14. During Plaintiff's employment, Defendant, QUIDAM GROUP, LLC, employed at least two employees who were engaged in interstate commerce and/or handled goods, materials and supplies which travelled in interstate commerce, including but not limited to computers, cash registers, cleaning supplies, and other tools/materials used to run the business.

15. Therefore, at all material times relevant to this action, Defendant, QUIDAM GROUP, LLC, was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

**Minimum Wage and Overtime Violations**

16.    At all times relevant to this action, Defendants failed to comply with Fla. Const. Art. X § 24 and the FLSA because Plaintiff performed services for Defendants for which he was not paid full minimum wages and no provisions were made by Defendants to properly pay Plaintiff for all overtime hours worked.

*Defendants' Violation of the Dual Jobs Regulation*

17.    During his employment with Defendants, Defendants paid Plaintiff a sub-minimum wage, utilizing what is commonly referred to as the "tip credit."

18.    Pursuant to 29 U.S.C. 203(t), an employer may utilize the tip credit only with respect to a "tipped employee" (i.e. "any employee engaged in an occupation in which he customarily and regularly receives tips").

19.    Where an employee is employed in both a tipped occupation and a non-tipped occupation (i.e. a "dual jobs" situation), the employee is a "tipped employee" for purposes of 29 U.S.C. 203(t) only while the employee is engaged in the tipped occupation. *See* 32 FR 13580-81; 29 CFR 531.56(e).

20.    Here, Plaintiff only was employed in a tipped occupation during the time he spent as a delivery driver and server.

21.    Plaintiff was not employed in a tipped occupation during the time he spent as a pizza maker as the job duties of a pizza maker do not meet the definition of a "customarily and regularly tipped employee."

22. As such, Defendant was not entitled to utilize the tip credit during time periods Plaintiff performed work as a pizza makes.

23. Defendant's utilization of the tip credit during time periods Plaintiff worked as a pizza maker violates the FLSA and Fla. Const. Art. X § 24.

24. Plaintiff is entitled to the full minimum wage during all hours where he performed work as a pizza maker.

### *Defendants' Illegal Application of the Tip Credit During Time Periods Plaintiff Worked as a Delivery Driver and Server*

25. As a server and delivery driver, Plaintiff occasionally earned tips in addition to his hourly wage.

26. Pursuant to the FLSA's tip credit provisions, employers electing to use the tip credit must be able to show that tipped employees receive at least the minimum wage when direct wages and the tip credit amount are combined. If an employee's tips combined with the employer's direct wage do not equal at least the minimum hourly wage ($8.56 per hour in 2020 and $8.65 per hour in 2021), the employer must make up the difference.

27. During his employment with Defendants, Plaintiff did not always receive enough in tips to make up the difference between his tipped hourly wage and the mandatory minimum hourly wage, causing violations of the FLSA and Fla. Const. Art. X § 24 in one or more weeks.

28. As a result, Defendants were not entitled to utilize the tip credit during those weeks to credit Plaintiff's tips towards a portion of their minimum wage obligations.

### *Defendant's Flawed Automobile Reimbursement Policy*

29. As a delivery driver, Defendants required Plaintiff to maintain and pay for a safe, legally-operable, and insured automobile when delivering pizza and other food items.

30. As a delivery driver, Plaintiff incurred costs for gasoline, vehicle parts and fluids, repair and maintenance services, insurance, depreciation, and other expenses ("automobile expenses") while delivering pizza and other food items for the primary benefit of Defendants.

31. Pursuant to the Department of Labor Field Operations Handbook, employers are required to either: (1) track and reimburse delivery drivers for their actual expenses, or (2) reimburse delivery drivers at the IRS business mileage reimbursement rate. Moreover, the IRS business mileage reimbursement rate represents the reasonable approximation of delivery drivers' actual expenses.

32. Defendant's delivery driver reimbursement policy reimburses drivers on a per-delivery basis, but the reimbursement is not based on their actual expenses. Moreover, the reimbursement amount is below the IRS

business mileage reimbursement rate or a reasonable approximation of the cost to own and operate a motor vehicle.

33. During the relevant period (2020 – 2021), the IRS business mileage reimbursement rate ranged between $.56 and $.57.5 per mile. Likewise, reputable companies that study the cost of owning and operating a motor vehicle and/or reasonable reimbursement rates, including the AAA, have determined that the average cost of owning and operating a vehicle ranged between $.637 and $.64 per mile during the same period for drivers who drive 15,000 miles per year. These figures represent a reasonable approximation of the average cost of owning and operating a vehicle for use in delivering pizzas.

34. However, the driving conditions associated with the pizza delivery business cause even more frequent maintenance costs, higher costs due to repairs associated with driving, and more rapid depreciation from driving as much as, and in the manner of, a delivery driver. As a delivery driver, Plaintiff further experiences lower gas mileage and higher repair costs than the average driver used to determine the average cost of owning and operating a vehicle described above due to the nature of the delivery business, including frequent starting and stopping of the engine, frequent braking, short routes as opposed to highway driving, and driving under time pressures.

35. Defendants' reimbursement policy does not reimburse Plaintiff for even his ongoing out-of-pocket expenses, much less other costs he incurred to own and operate his vehicle.

36. 17. Defendants' systematic failure to adequately reimburse automobile expenses constitutes a "kickback" to Defendants such that the hourly wages it pays to Plaintiff are not paid free and clear of all outstanding obligations to Defendants.

37. Defendants failed to reasonably approximate the amount of Plaintiff's automobile expenses to such an extent that Plaintiff's net wages were diminished beneath the minimum wage requirements.

38. In sum, Defendant's reimbursement policy and methodology fail to reflect the realities of delivery drivers' automobile expenses.

### *Defendant's Failure to Reasonably Reimburse Automobile Expenses Causes Minimum Wage Violations*

39. Defendant's reimbursement formula has resulted in an unreasonable underestimation of Plaintiff's automobile expenses throughout the recovery period, causing systematic violations of the minimum wage.

40. Plaintiff was paid $6.50 per hour while employed by Defendants, including a tip credit.

41. During the time Plaintiff worked for Defendants as a delivery driver, he was reimbursed just $2.00 per delivery and drove an average of 9

or more miles per delivery. This means plaintiff was getting paid approximately $.22 per mile ($2.00 divided by 9 miles respectively).

42. During the relevant time period, the IRS business mileage reimbursement rate ranged between $.637 and $.64 per mile, which reasonably approximated the automobile expenses incurred delivering pizzas. http://www.irs.gov/Tax-Professionals/Standard-Mileage-Rates. Using the lowest IRS rate and the rate Plaintiff was making per mile driven in effect during that period as a reasonable approximation of Plaintiff's automobile expenses, every mile driven on the job decreased his net wages by at least $.42 ($.537 - $.22) per mile.

43. During his employment with Defendants, Plaintiff regularly made 3 to 5 deliveries per hour. Thus using even a conservative under-estimate of Plaintiff's actual expenses and damages, every hour on the job decreased Plaintiff's net wages by at least $1.26 ($.42 x 3 deliveries).

44. Because Defendant paid Plaintiff a gross hourly wage below the applicable minimum wage, and because Plaintiff incurred unreimbursed automobile expenses, Plaintiff "kicked back" to Defendants an amount sufficient to cause minimum wage violations.

45. 30. The net effect of Defendants' flawed reimbursement policy is that Defendants have willfully failed to pay Plaintiff the minimum wage. Defendants thereby enjoy ill-gained profits at the expense of Plaintiff.

9

## *Defendants' Overtime Violations*

46.     During his employment with Defendants, Plaintiff was not paid time and one-half his regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

47.     During his employment with Defendants, Plaintiff routinely worked overtime hours.

48.     Plaintiff is entitled to his regular rate of pay plus the half-time premium for all hours worked in excess of forty (40) per week.

49.     Based upon the above policies, Defendants have violated the FLSA by failing to pay complete overtime pay for each hour worked over forty (40) per week.

50.     Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

51.     Plaintiff has hired the below law firm and is obligated to pay them a reasonable fee if successful in this litigation.

52.     All conditions precedent to this action have been performed or waived.

## **COUNT I - RECOVERY OF MINIMUM WAGES (FLORIDA CONSTITUTION)**

48.     Paragraphs one (1) through fifty-two (52) above are fully re-

alleged and incorporated herein.

49. Plaintiff is/was entitled to be paid the minimum wage for each hour worked per week.

50. During his employment with Defendants, based on Defendants' numerous illegal compensation policies, Plaintiff was not always paid the minimum wage for each hour of work performed in violation of Fla. Const. Art. X § 24.

51. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff minimum wages for each hour worked in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

52. Defendants did not have a good faith basis for its failure to pay Plaintiff minimum wages for each hour worked.

53. As a result of Defendants' willful violation of the law, Plaintiff is entitled to liquidated damages in an amount equal to the unpaid wages.

54. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, CESAR CLASS, demands judgment against Defendants for the payment of all unpaid minimum wages for which Defendants did not properly compensate, damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II - RECOVERY OF MINIMUM WAGES (FLSA)

55. Paragraphs one (1) through fifty-two (52) above are fully re-alleged and incorporated herein.

56. Plaintiff is/was entitled to be paid the minimum wage for each hour worked per week.

57. During his employment with Defendants, based on Defendants' numerous illegal compensation policies, Plaintiff was not paid the minimum wage for each week of work performed in violation of the FLSA.

58. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff minimum wages for each hour worked in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

59. Defendants did not have a good faith basis for its failure to pay Plaintiff minimum wages for each hour worked.

60. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

61. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, CESAR CLASS, demands judgment against Defendants for the payment of all unpaid minimum wages for which Defendants did not properly compensate him, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief

that this Court determines to be just and appropriate.

### **COUNT III - RECOVERY OF OVERTIME COMPENSATION (FLSA)**

62. Paragraphs one (1) through fifty-two above, are fully re-alleged and incorporated herein.

63. Plaintiff is/was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

64. During his employment with Defendants, Plaintiff was not paid for all time worked as described above which resulted in Plaintiff not being paid proper overtime compensation for all overtime hours worked in violation of the FLSA.

65. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff overtime compensation for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

66. Defendants did not have a good faith basis for its failure to pay Plaintiff overtime compensation for each hour worked in excess of forty (40) per work week.

67. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

68. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, CESAR CLASS, demands judgment against Defendants for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by him for which Defendants did not properly compensate him, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated this 8th day of December, 2021.

> **/s/ C. RYAN MORGAN**
> C. Ryan Morgan, Esq.
> FBN 0015527
> **/s/ JOLIE N. PAVLOS**
> Jolie N. Pavlos, Esq.
> FBN 0125571
> Morgan & Morgan, P.A.
> 20 N. Orange Avenue
> Suite 1600
> Orlando, FL 32801
> Telephone: (407) 420-1414
> Facsimile: (407) 245-3401
> Email:   RMorgan@forthepeople.com
>          JPavlos@forthepeople.com
> *Attorneys for Plaintiff*